J-S56029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACKIE LEE THOMPSON | |
| Appellant | No. 1974 MDA 2014 |

Appeal from the PCRA Order October 9, 2014
In the Court of Common Pleas of Tioga County
Criminal Division at No(s): CP-59-CR-7-1970

BEFORE: SHOGAN, J., JENKINS, J., and PLATT, J.[*]

JUDGMENT ORDER BY JENKINS, J.: **FILED MARCH 09, 2016**

Pursuant to our Supreme Court's recent orders in *Commonwealth v. Jones,* 947 MAL 2015 (Pa., 2/12/16), and related cases, and this Court's recent decision in *Commonwealth v. Secreti*, 578 WDA 2015 (Pa.Super., 2/9/16), the PCRA court's order is reversed, Appellant Jackie Thompson's judgment of sentence is **VACATED**, and this case is remanded for further proceedings.

We explain our decision briefly. On January 25, 2016, the United States Supreme Court held in *Montgomery v. Louisiana*, ___ U.S. ___, 2016 WL 280758 *12 (filed January 25, 2016, as revised on January 27, 2016), that its decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455

_____

[*] Retired Senior Judge assigned to the Superior Court.

(2012), applies retroactively. **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile.

Shortly after **Montgomery's** issuance, this Court entered a published opinion in **Secreti**. There, Secreti was sentenced to automatic life imprisonment without possibility of parole for committing first degree murder as a juvenile. On June 25, 2012, the United States Supreme Court issued its decision in **Miller.** On August 15, 2012, Secreti filed a timely PCRA petition seeking relief under **Miller**. On February 9, 2016, following **Montgomery**, this Court held that (1) **Miller** applied retroactively to Secreti's sentence under the PCRA's retroactivity provision, 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's sentence was unconstitutional under **Miller**, and (3) Secreti was entitled to a new sentencing hearing. Moreover, on February 11 and 12, 2016, our Supreme Court granted relief to multiple PCRA petitioners under **Miller** and **Montgomery** and remanded their cases for further proceedings. **See**, **e.g.**, **Jones**, **supra**.

**Secreti** squarely applies to this case. In 1970, Thompson was convicted of first degree murder for a murder that he committed as a 15 year old juvenile. He was sentenced to life imprisonment without possibility of parole. On July 20, 2012, he filed a timely PCRA petition seeking relief under **Miller**. As in **Secreti**, (1) **Miller** applies retroactively to Thompson's

sentence under 42 Pa.C.S. § 9545(b)(1)(iii); (2) Thompson's sentence is unconstitutional under *Miller*, and (3) he is entitled to a new sentencing hearing.

The PCRA court's order denying relief to Thompson under *Miller* is reversed; Thompson's judgment of sentence is vacated; the case is remanded to the court of common pleas for further proceedings consistent with *Miller* and *Montgomery*; jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016